C. Wayne Keith, Chief Colorado State Department of Highways Division of State Patrol 4201 East Arkansas Avenue Denver, CO 80222
Dear Chief Keith:
This opinion letter is written in response to your March 24, 1981 letter, inquiring about the responsibilities and authority of the Colorado State Patrol regarding the investigation of traffic accidents that occur on private property in the state.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Does the Colorado State Patrol have a duty, or even the authority, to investigate and report traffic accidents occurring on private property?
 My conclusion to both aspects of the question is "yes." It is my opinion that the applicable statutes do not make a distinction between vehicular accidents that occur on the highways and those that occur somewhere else in the state. To the extent that the state patrol has the authority and obligation to investigate and report vehicular accidents on the Colorado highways, it has the authority and obligation to investigate and report such accidents elsewhere throughout the state.
ANALYSIS
C.R.S. 1973, 42-4-1401 et seq. impose upon civilians and law enforcement officers certain duties to report traffic accidents. Section 1406(4) makes it the duty of all law enforcement officers who receive notification of traffic accidents within their respective jurisdictions or who investigate such accidents to submit reports to the Department of Revenue on the forms provided. These reports are required by statute to contain sufficiently detailed information to disclose, with reference to a traffic accident, the contributing circumstances, the conditions then existing, and the persons and vehicles involved. C.R.S. 1973, 42-4-1408.
Although the provisions of article 4, entitled "Regulation of vehicles and traffic," are generally limited to "the use of streets and highways," this limitation does not apply to the provisions dealing with the reporting of accidents. Along with driving under the influence, vehicular eluding, and reckless or careless driving, the provisions of part 14 apply specifically "upon streets and highways and elsewhere throughout thestate." C.R.S. 1973, 42-4-103(2)(b) (Supp. 1980) (emphasis supplied).
The term "traffic accident" is nowhere defined. Limitation of the term "traffic" at C.R.S. 1973, 42-1-102(81) to conveyances "while using any highway for the purposes of travel" does not alter this analysis. The terms "accident" and "traffic accident" are used throughout part 14, apparently without distinction. In light of the specific legislative declaration that the provisions of part 14 are to have application "elsewhere throughout the state," it is clear that no subtle distinction was intended between vehicular accidents generally and those occurring on public highways specifically.
The Colorado State Patrol is created and the scope of its function defined by C.R.S. 1973, 43-5-101 et seq. Its function is defined expansively to include, among other things, virtually every facet of the enforcement of Colorado laws relating to traffic and highways.
 (2) The Colorado state patrol shall enforce or aid in enforcing all state laws pertaining to motor and all other vehicles, their equipment, weight, cargoes, and licenses, vehicle operators, and other operations including checking for brand inspection certificates or official bills of sale or acceptable trucking waybills on livestock or agricultural products upon the highways of Colorado and for the use thereof. The patrol shall also aid in the enforcement of the collection of all motor and other vehicle taxes and license fees, motor fuel taxes, and highway compensation taxes (with respect to the transportation of persons and property over public highways) as provided by law and shall otherwise promote safety, protect human life, and preserve the highways of this state by the intelligent, courteous, and strict enforcement of laws of this state which relate to highways and traffic upon such highways, notwithstanding any provisions of law charging any other department or agency in the state with the enforcement of such laws.
C.R.S. 1973, 43-5-103(2); see also C.R.S. 1973, 43-5-113(2).
In addition to the general requirement for state patrol officers to enforce or aid in enforcing all state laws pertaining to motor and other vehicles, C.R.S. 1973, 43-5-113(1)(e) grants them the powers of any peace officer to investigate traffic accidents and make the reports required by the Departments of Revenue and Highways. The statute provides no grounds for construing the term "traffic accidents" more restrictively when applied specifically to the state patrol than when it is applied to all law enforcement officers.
While the state patrol does not lack the authority or the obligation to investigate vehicular accidents that occur on private property, its duty to investigate and report traffic accidents does not relieve local law enforcement officers of the same duty. See C.R.S. 1973, 42-4-108(1)(d). To the extent that the investigation and reporting of minor accidents places an unacceptable burden on the state patrol's resources and affects its ability to efficiently comply with its enabling statute, the highway commission might coordinate with other agencies and approve administrative policies and guidelines to limit the patrol's activities in this regard. See
C.R.S. 1973, 43-5-103 and 104.
The location of accidents in the state, whether they be on or off the public streets and highways, is not a worthwhile criterion for defining the state patrol's authority to investigate. If legislation proved to be the most effective way of relieving the state patrol's burden, that legislation could more appropriately limit the state patrol's duty to comply with Department of Revenue reporting requirements, either by assigning those reporting duties to other agencies or by removing the requirements on certain minor accidents altogether. Removal of the authority of the state patrol to investigate accidents occurring on private property could severely impede its ability to enforce certain serious traffic violations in the state.
SUMMARY
It is my opinion that the powers and duties of the Colorado State Patrol with regard to the investigation and reporting of vehicular accidents "elsewhere throughout the state" do not differ from its powers and duties with regard to the investigation and reporting of vehicular accidents "upon the streets and highways" of the state.
Very truly yours,
 J.D. MacFARLANE Attorney General
cc: Mr. Kenneth H. Torp Deputy Director of Highway Department
STATE POLICE HIGHWAY PATROL HIGHWAYS STREETS TRAFFIC
C.R.S. 1973, 42-4-103(2)(b) C.R.S. 1973, 42-4-1406(4) C.R.S. 1973, 42-1-102(81) C.R.S. 1973, 43-5-101
C.R.S. 1973, 43-5-113(1)(e)
HIGHWAYS, DEPT. OF Colorado State Patrol
The powers and duties of the state patrol to investigate traffic accidents extend to accidents occurring on private property.